UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLYOD VOISIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1302** |
| **TETRA TECHNOLOGIES, INC.** | **SECTION "C"(4)** |

## ORDER

Before the Court is a **Motion for Reconsideration (R. Doc. 87)** filed by the Defendant in Interpleader, Louis R. Koerner, Jr. ("Koerner") seeking reconsideration of this Court's Report and Recommendation (R. Doc. 84) concerning a Motion for Summary Judgment filed by Defendants in Interpleader, Koerner and Midsouth Bank, N.A. ("Midsouth"). (R. Doc. 77.) The motion for reconsideration was referred to the undersigned United States Magistrate Judge for determination pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (c).** No opposition has been filed. After obtaining leave of the Court, Koerner also filed a letter from Terrebonne General Medical Center stating that no amounts are due in support of his motion for reconsideration. (R. Doc. 89.) Upon review of the motion, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Background**

This action arises from injuries sustained by Voisin while working as a seaman. A settlement was reached on March 26, 2009. The pertinent facts have been set forth in a previous Order, and the Court hereby incorporates those facts herein by reference. (R. Doc. 84.)

After settlement, there has been dispute as to who is entitled to the settlement funds. As a result, Koerner and MidSouth then filed a Motion for Summary Judgment (R. Doc. 77) seeking an

award of the entire $45,700 placed in the Registry of the Court by Tetra, dismissal of the claims of Interpleader Defendants who filed responsive pleadings, and dismissing the merits of the claims of Interpleader Defendants against whom a clerk's entry of default has been entered. (R. Doc. 77, p. 1.)

On August 31, 2010, this Court issued a Report and Recommendation which recommended that the motion for summary judgment be granted in part and denied in part. (R. Doc. 84.) Specifically, the Court recommended that the motion be granted insofar as Koerner had established priority for his contingency fee of $20,000 over Hebert and the State of Louisiana to the funds in the Court's Registry.[1] The Court further recommended that the motion be denied as to priority over the State of Louisiana and Hebert for costs because Koerner failed to demonstrate that there was no issue of material fact as to whether he had guaranteed Voisin's claims. Specifically, the Court found that the loan documents submitted by Koerner contained no reference to Koerner or his law firm and were only signed by Voisin and a MidSouth representative.[2]

The Court also recommended that the motion be denied as to the dismissal of the claims of Terrebonne General Medical Center ("TGMC") on the merits because service was invalid. The

---

[1] The Court also recommended that summary judgment be granted insofar as a judgment of default should be entered against he following Interpleader Defendants: Lloyd Joseph Voisin, Jr.; First National Bank of Commerce, Chateau Creole Apartments; Tim Fanguy Bail Bond, Inc.; Ricky Anthony Lebouef, Sr.; Howard Lucas Marcello; Dr. Michael L. Watkins; Dr. Chris Cenac, Jr.; Dr. Charles J. Ledoux; Dr. Christopher Wright; Open MRI of Louisiana; and HealthPro Physical Therapy.

[2] The Court also recommended that the motion be denied as to Koerner and MidSouth's priority over former attorney Duval because they failed to establish as a matter of law that they were entitled to priority of the entirety of the settlement funds to the exclusion of Duval's costs and advances spent on behalf of Voisin or that Duval is not entitled to any percentage of the settlement funds. Further, the Court recommended that the motion be denied as to the request that all claims of Interpleader Defendants be dismissed because Koerner and Midsouth had not established that Duval, Hebert, and the State of Louisiana have no valid claim to the $45,700 deposited in the Court's registry.

Court further recommended that the Clerk's Entry of Default be partially denied, insofar as it seeks to dismiss TGMC's claims. (R. Doc. 84, p. 16.)

As to the instant motion, Koerner and MidSouth move this Court to reconsider its report and recommendation insofar as it recommends denial of their motion for summary judgment on the issue of the amounts advanced by MidSouth and whether they were guaranteed by Koerner. (R. Doc. 87, p. 1.) In support, Koerner and MidSouth provided the Court with an internal MidSouth Bank record in addition to a personal guarantee which they contend demonstrate that Koerner did guarantee Voisin's loans.[3] (R. Doc. 87-3, pp. 1-3.) Koerner also provided a supplemental declaration. Koerner and MidSouth also filed a letter from TGMC which states that there are no amounts due for a visit by Voisin to TGMC on September 17, 2007. (R. Doc. 89-2, p. 2.)

## II.     Standard of Review

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985). However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten (10) days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that

---

[3] Koerner and MidSouth previously attempted to file this documentation with the Court after is issued a Report and Recommendation asserting that they were complying with this Court's Order by doing so. (R. Doc. 85.) However, the Court denied their Motion to File the documentation and stated that the Court had not ordered Koerner and MidSouth to file the documentation. (R. Doc. 86.)

time. *Id*. Here, Koerner and MidSouth filed their motion for reconsideration less than ten (10) days after the Court's Order.[4]

Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. *In re Katrina Canal Breaches*, 2007 WL 496856 (E.D. La. Feb. 12, 2007)(Duval,J.); *see also, e.g., Motiva Enterprises, LLC v. Wegmann*, 2001 WL 246414 (E.D. La. Mar. 12, 2001); *Clay v. Daichi Shipping*, 2000 WL 6269 (E.D. La. Jan. 5, 2000); *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D. La. Feb. 3, 1998); Wright, Miller & Kane, *Federa Practice & Procedure*: Civil 2d § 2810.1, p. 125-27. A Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction. *Id. See also*, *Clay v. Daichi Shipping*, 2000 WL 6269 (E.D. La. Jan. 5, 2000); *Campbell v. St. Tammany Parish School Bd.*, 1999 WL 777720 (E.D. Sept. 29, 1999.)

## III.  Analysis

Koerner contends that presenting the loan documents and the supplemental declaration cures a problem identified by the Court, and is therefore within the parameters for reconsideration. (R. Doc. 87, p. 2.) In his supplemental memorandum, Koerner asserts that "perhaps as a result of over familiarity with the case and his lack of experience in this kind of fee dispute, [Koerner] did not provide summary judgment evidence that was sufficiently clear to the Court so that the Court could recommend summary judgment." (R. Doc. 87-1, p. 4.) Koerner further states that he "hopes" that this motion will remedy any concerns the Court had in their report and recommendation. *Id.*

---

[4] The Court issued its Report and Recommendation on August 31, 2010 (R. Doc. 84), and Koerner and MidSouth filed the subject motion for reconsideration 10 days later, on September 10, 2010. (R. Doc. 87.)

Further, Koerner and MidSouth requested leave to file their letter from TGMC to "remove one areas [sic] of doubt of the propriety of summary judgment expressed by the Court." (R. Doc. 89, p. 1.) The attached letter, dated September 14, 2010, states that Voisin's September 17, 2007 visit to the TGMC has been paid in full from Worker's Compensation. It also states that there is no balance due on the account. (R. Doc. 89-2, p. 2.)

Rule 59(e) motions to reconsider are generally disfavored. *Wanzer v. Pfeil*, 2006 WL 2548503 (W.D. Tex. Aug. 8, 2006). Motions which are grounded upon newly discovered evidence will not be granted unless the movant shows: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching. *Id. Citing Infusion Resources, Inc., v. Minimed, Inc.,* 351 F.3d 688, 696-697 (5th Cir. 2003); *English v. Mattson*, 214 F.2d 406, 409 (5th Cir. 1954).

In his memorandum in support, Koerner presumably contends that this documentation was unavailable based off his sub-heading "the nature of the previously unavailable evidence." However, Koerner provides no explanation for why this documentation was previously unavailable. However, Koerner does note that the loan guarantee documents are "internal MidSouth Bank record[s]." Both Koerner and MidSouth are the movants of the motion for summary judgment and the present motion to reconsider. Thus, these internal records were in the possession of one of the movants at the time the motion for summary judgment was filed. With proper diligence, this information could have been produced. Instead, the information was not provided to the Court due to Koerner's admitted oversight and "over familiarity" with the case. However, failure on behalf of the movant to provide the court with the necessary documentation is not a proper reason under

Rule 59(e) for the Court to reconsider its Report and Recommendation. Therefore, the Court cannot consider the submission of the bank documents on the basis of new evidence.

As for the TGMC letter, the Court recommended that TGMC's entry of default by the Clerk was improper because its return service of summons was not properly executed because it was not signed by the process server and there was no indication that the server was a U.S. Marshal or Deputy Marshal. The letter that Koerner and MidSouth submit in support of their motion for reconsideration, however, references only that TGMC has been paid in full by Worker's Compensation. This letter does not provide the Court with any basis to reconsider whether TGMC's Return Service of Summons was valid. Instead, this is new information the movants are seeking to submit to the court, which should have been urged earlier. The present motion to reconsider is not the propr vehicle to attempt to introduce this information. *See generally, In re Katrina Canal* Breaches, 2007 WL 496856. Therefore, the Court declines to reconsider its report and recommendation regarding Koerner and MidSouth's Motion for Summary Judgment.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that Koerner and MidSouth's **Motion to Reconsider (R. Doc. 87)** is hereby **DENIED.**

New Orleans, Louisiana, this 5th day of October, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**