UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLYOD VOISIN | CIVIL ACTION |
| VERSUS | NO. 08-1302 |
| TETRA TECHNOLOGIES, INC. | SECTION "C"(4) |

### ORDER

The Court, having considered the motion, response, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the failure of any party to file an objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter. Therefore,

IT IS ORDERED that Koerner and MidSouth's **Motion Summary Judgment (R. Doc. 77)** be **GRANTED IN PART** and **DENIED IN PART**.

- **IT IS GRANTED** insofar as Koerner has established priority for his contingency fee ($20,000) over Hebert and the State of Louisiana to the funds in the Court's Registry and insofar as a judgment of default should be entered against the following Interpleader Defendants: Lloyd J. Voisin, Jr.; First National Bank of Commerce; Chateau Creole Apartments; Tim Fanguy Bail Bond, Inc.; Ricky Anthony Lebouef, Sr.; Howard Lucas Marcello; Dr. Michael L. Watkins; Dr. Chris Cenac, Jr.; Dr. Charles J. Ledoux; Dr. Christopher Wright; Open MRI of Louisiana; and HealthPro Physical Therapy.

- **IT IS DENIED** as to priority over the State of Louisiana and Hebert for costs because Koerner has not demonstrated that there is no issue of material fact as to whether he has guaranteed Voisin's loans from MidSouth.

- **IT IS DENIED** because the same factual issues regarding Koerner's claim to priority of loans obtained by Voisin, (*see supra* Part III.A.1), create a genuine issue of material fact.

- **IT IS DENIED as to Duval** because Koerner and MidSouth have not established that, as a matter of law (a) they are entitled to priority to the entirety of the settlement funds, to the exclusion of Duval's costs and advances spent on behalf of Voisin, or (b) that Duval is not entitled to any percentage of the settlement funds for their work on Voisin's case.

- **IT IS DENIED** as to their request that all claims of Interpleader Defendants be dismissed because Koerner and MidSouth have not established that Duval, Hebert, and the State of Louisiana have no valid claim to the $45,700 deposited in the Court's registry.

- **IT IS FURTHER ORDERED** that the Motion is **DENIED** as to the dismissal of the claims of Terrebonne General Medical Center ("TGMC") on the merits because service was invalid and therefore, the Clerk's Entry of Default is partially denied, insofar as it seeks to dismiss TGMC's claims.

- **IT IS FURTHER ORDERED** that a judgment of default is warranted against Lloyd J. Voisin, Jr.; First National Bank of Commerce; Chateau Creole Apartments; Tim Fanguy Bail Bond, Inc.; Ricky Anthony Lebouef, Sr.; Howard Lucas Marcello; Dr. Michael L. Watkins; Dr. Chris Cenac, Jr.; Dr. Charles J. Ledoux; Dr. Christopher Wright; Open MRI of Louisiana; and HealthPro Physical Therapy and therefore their potential claims to the $45,700 in the Court's Registry is dismissed with prejudice in partial accordance with the Clerk's Entry of Default (R. Doc. 61.)

New Orleans, Louisiana, this ____8th____ day of ____November____, 2010

UNITED STATES DISTRICT JUDGE